JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>REAL PROPERTY IN NEW YORK, NEW YORK, *et al.*,<br><br>　　　　Defendants *in rem*. | No. 2:26-CV-0477-DSF (BFMx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

## I.　INTRODUCTION

1.　Plaintiff United States of America (the "government") has made an Application (the "Application") for the entry of this Consent Judgment, which is dispositive of this action.

2.　A Verified Complaint *In Rem* and a First Amended Verified Complaint *In Rem* in the present action were filed on January 16 and January 21, 2026, respectively, against the Defendant Assets.  On May 14, 2026, a Default by Clerk was entered.

3.　No claims were filed but potential claimant May Ling Catherine Tan ("C. Tan") has executed an affidavit (Exhibit A to the Application, hereinafter "Tan Aff." or "Ex. A") confirming her consent to forfeit the Defendant Assets to the United States.  In this affidavit, C. Tan represented, among other things, that as

1

"the sole beneficial owner" of the Defendant Assets, she was "hereby relinquish[ing] any and all right, title, and interest that [she] may have in the Defendant Assets," and "agree[s] and consent[s] to the forfeiture of the Defendant Assets to the United States so that they, or their liquidated proceeds, if appropriate and authorized by law, may be returned and used for the benefit of the people of Malaysia []." (Ex. A ¶¶ 1, 3.)  C. Tan further represented that, "to the best of my knowledge, no other persons or entities may assert any right or interest in any of the Defendant Assets," and the "allegations set out in the operative complaint . . . if assumed to be true, are sufficient to establish a basis for forfeiture of the Defendant Assets." (*Id.* ¶ 4.)

## II.    FINDINGS

4.    The Court, having considered the Application and the Related Stipulation, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES, AND DECREES:

5.    For purposes of this Consent Judgment, this Court has jurisdiction over this action.  The government gave notice of this action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court. The government took additional steps to reasonably ensure notice as described in the Application for Clerk's Entry of Default, Declaration of Barbara Levy, and accompanying exhibits. (DN 16 through DN 16-7.)  No claims to the Defendant Assets were filed, the time for filing claims has expired, and no potential claimant has moved for leave to file a late claim. Entry of this Consent Judgment will resolve all claims of all potential claimants with respect to the Defendant Assets and is dispositive of this action.  If assumed to be true, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Assets.

6.    Nothing contained in this Consent Judgment or the underlying Application or Tan Aff. is intended to be or should be interpreted as an admission

of fault, wrongdoing, liability, or guilt on C. Tan's part, nor shall this Consent Judgment or the underlying Application or Tan Aff. be admissible against C. Tan in the action, or any parties in the other related 1MDB civil forfeiture actions as evidence of any of the allegations set out in the operative complaint in the action or the other related 1MDB civil forfeiture actions.  The entry of this Consent Judgment shall resolve all of the government's civil, criminal and administrative asset forfeiture actions or proceedings relating to the Defendant Assets in the Action.  The U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, Money Laundering, Narcotics and Forfeiture Section agree to be bound by the [Proposed] Consent Judgment of Forfeiture and the doctrine of res judicata and collateral estoppel. Nothing in this Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Assets.

7.     Upon entry of this Consent Judgment, all right, title and interest of any potential claimant in and to the Defendant Assets shall be forfeited to the United States, and no other right, title, or interest shall exist therein.  The government shall dispose of the Defendant Assets according to law.

8.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Consent Judgment of Forfeiture.

        IT IS SO ORDERED.


DATED: May 26, 2026

_____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE